FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN - 2 2017

RICK WARREN
COURT CLERK



IN THE DISTRICT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

34_____

| | |
|---|---|
| TANDRA PRICE, ) | |
| ) | |
| Plaintiff, ) | CJ-17- **CJ-2017-3181** |
| ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | ATTORNEY LIEN CLAIMED |
| ) | |
| MUSCULAR DYSTROPHY ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Defendant. ) | |

## PETITION

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

### PARTIES

1. The Plaintiff is Tandra Price, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is the Muscular Dystrophy Association, Inc., a foreign not-for-profit corporation doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for race discrimination, including retaliation after Plaintiff complained of race discrimination in violation of Title VII and 42 U.S.C. § 1981; and age discrimination in violation of the Age Discrimination in Employment Act (ADEA). Race discrimination (including retaliation) and age discrimination also violate Oklahoma's Anti-Discrimination Act (OADA).

4. The Defendant is located and does business in Oklahoma County, and the actions giving rise to this action occurred in Oklahoma County, such that venue is proper.

1

Exhibit 1

## STATEMENT OF FACTS

5. The Defendant, an entity operating in multiple states, employed at least twenty employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year and is subject to the provisions of Title VII and the ADEA. For these reasons, Defendant is an employer as defined by Title VII and the ADEA. There is no minimum employee requirement to be subject to the provision of the OADA or 42 U.S.C. § 1981.

6. Plaintiff, an African American (black) female, was employed by the Defendant as a Fundraising Coordinator from approximately January 2014 until about December 9, 2015.

7. Around January 2015 Plaintiff began to be supervised by Brian Hedges (Caucasian), who was at that time promoted to the position of Executive Director.

8. Thereafter Plaintiff began to suffer racial discrimination, including being referred to as an "aggressive black woman".

9. Beginning around the end of July 2015 or August 2015, Plaintiff complained of race discrimination to Mr. Hedges and also to Jim Brown (Division Director, Caucasian) and Beena Valiaparambil (Human Resources).

10. Plaintiff was terminated around December 9, 2015, after she began complaining of race discrimination.

11. At the time of her termination the Plaintiff was forty-eight years old.

12. Mr. Brown told Plaintiff she was terminated because her position was being eliminated.

13. After Plaintiff's termination, the Plaintiff's job was not eliminated and the Plaintiff was replaced by at least one Caucasian who was younger and less experienced than the Plaintiff.

14. As a direct result of the Plaintiff's termination she has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, sadness and similar unpleasant emotions.

15. At the least, significant factors in the decision to terminate the Plaintiff include her race, complaints of race discrimination and/or her age.

16. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on January 4, 2016. The EEOC issued Plaintiff her right to sue letter on March 20, 2017 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter. There is no exhaustion requirement under 42 U.S.C. § 1981.

## COUNT I

Plaintiff incorporates the above facts and further alleges:

17. Race discrimination, including retaliation after Plaintiff complained of race discrimination, violates Title VII of the Civil Rights Act, 42 U.S.C. § 1981 and the OADA.

18. Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress/dignitary harm damages.

19. Because the conduct of Defendant was willful or, at the least, in reckless disregard for the Plaintiff's rights, the Plaintiff is entitled to punitive damages under the federal claims. Plaintiff is automatically entitled to liquidated damages under the state claim without a further showing of willfulness or recklessness.

## COUNT II

Plaintiff incorporates the above facts and further alleges:

20. Discrimination on the basis of age violates the ADEA and OADA.

21. Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

22. The Plaintiff is entitled to an award of liquidated damages under both federal and state law.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered together with all damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount exceeding that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

RESPECTFULLY SUBMITTED THIS _2_ DAY OF JUNE, 2017.

HAMMONS, GOWENS, HURST
& ASSOCIATES

_____
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: Amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED